IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH A. MESSNER,** ) | |
|       **Plaintiff,** ) | |
| ) | C.A. No. 07-112 Erie |
| vs. ) | District Judge Cohill |
| ) | Magistrate Judge Baxter |
| **DENISE BUNNER, et al.,** ) | |
|       **Respondents.** ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that Plaintiff's Motion for Preliminary Injunction [Document # 32] be denied.

**II.     REPORT**

Plaintiff Keith A. Messner, an inmate at the State Correctional Institution at Albion ("SCI-Albion"), instituted this civil rights action on May 15, 2007

On November 3, 2008, Plaintiff filed a motion for preliminary injunction [Document # 32], seeking an order enjoining Defendants from removing his z-code (single cell) status and/or to reinstate his z-code. In particular, Plaintiff claims that his z-code was removed in retaliation for his filing of the instant civil rights action. A hearing on Petitioner's motion for preliminary injunction was held by telephone before Chief Magistrate Judge Susan Paradise Baxter on November 10, 2008; however, the hearing was adjourned and Plaintiff's motion was held in abeyance due to Plaintiff's disclosure that he was in the process of retaining an attorney to represent him. (See Document # 35). Plaintiff subsequently filed a *pro se* Amended Complaint on December 2, 2008, in which he added allegations pertaining to the removal of his z-code and corresponding claims of retaliation and violation of his Eighth Amendment rights. [Document # 37]. Among the remedies sought for Plaintiff's amended claims is injunctive relief. (Document # 37, Amended Complaint, at Section VI). On December 11, 2008,

Defendants filed a motion to dismiss Plaintiff's Amended Complaint. [Document # 38].

Injunctive relief in any form is an extraordinary remedy that should be granted in "limited circumstances." AT & T v. Winback and Conserve Prog. Inc., 42 F.3d 1421, 1427 (3d Cir.1994) (citations omitted). To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987). Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. Denied, 493 U.S. 848 (1989). In fact, the Plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury..." Acireno, 40 F.3d at 655 (citation omitted).

In this case, Plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in his Amended Complaint, i.e., the restoration of his z-code status. Thus, Plaintiff cannot demonstrate that he

2

will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of Defendants' motion to dismiss, or at trial. As a result, Plaintiff's motion for preliminary injunction should be denied.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunction [Document # 32] be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: January 26, 2009

cc:    The Honorable Maurice B. Cohill
       United States District Judge