IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH A. MESSNER,<br>      Plaintiff,<br>      v.<br><br>DENISE BUNNER, et al.,<br>      Defendants. | C.A. No. 07-112 Erie<br><br>District Judge Cohill<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:**

It is respectfully recommended that Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order [Document # 45] be denied.

**II.    REPORT:**

On May 15, 2007, Plaintiff Keith A. Messner, an inmate at the State Correctional Institution at Albion ("SCI-Albion"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. He has since amended his complaint on three occasions [Document ## 8, 26, 37]. Currently named as Defendants are the Superintendent and several staff members at SCI-Albion; the Pennsylvania Board of Probation and Parole ("PBPP"); the Pennsylvania Department of Corrections; and unnamed members of the PBPP identified as "John Does 1-8." Plaintiff claims that Defendants violated his rights guaranteed by the fourteenth amendment to the United States Constitution, the Ex Post Facto Clause of the United States Constitution, and the Americans with Disabilities Act ("ADA") by terminating him from SCI-Albion's sex offender treatment program for missing five group sessions in a nine-month period, and by denying him parole as a result of his failure to complete the sex offender program. In addition, Plaintiff claims that the sex offender program's requirement that he admit guilt violates his Fifth Amendment right to be free from self-incrimination. Plaintiff also claims that Defendants removed his "z-code" (single cell) status and placed him in a shared cell with another inmate in violation of his Eighth Amendment rights and in retaliation for his exercise of First Amendment

rights.

On February 2, 2009, Plaintiff filed a motion for preliminary injunction/temporary restraining order [Document # 45], seeking an order preventing SCI-Albion from transferring him to another institution. A hearing on this motion was held by telephone on February 11, 2009, during which testimony was offered by Defendant Rebecca Kessler, as well as Plaintiff. After the hearing, the parties were ordered to file briefs in support of their respective positions. (See Minute Entry at Document # 46). Both parties have since filed briefs [Document ## 48, 49], and this motion is now ripe for consideration.

Plaintiff avers that, "on or about Jan. 22, 2009 Defendant's intended to transfer Plaintiff to another prison... in retaliation for the filing of this action." (Document # 48, Plaintiff's Brief, at p. 1). In support of this assertion, Plaintiff notes that Defendants' purported reason for the intended transfer was to allow Plaintiff to participate in a sex offender treatment program at another institution; however, Plaintiff argues that this stated purpose was merely a guise for retaliation because he had repeatedly informed Defendants that he would not be participating in the sex offender program, regardless of a transfer. (Id. at p. 2). Plaintiff claims further that "a transfer to a facility unknown to him would cause great anxiety, stress and post-traumatic stress symptoms which could present a danger to Plaintiff's physical and mental health." (Id. at p. 7).

In response, Defendants have submitted the Declaration of Melinda Adams, Superintendent's Assistant at SCI-Albion, who declares that Plaintiff's request to bar his transfer is moot because "there are no plans at this time to transfer [Plaintiff] anywhere." (See Adams Declaration attached as Exhibit A to Document # 49, Defendants' Brief, at ¶ 3).

Injunctive relief in any form is an extraordinary remedy that should be granted in "limited circumstances." AT & T v. Winback and Conserve Prog. Inc., 42 F.3d 1421, 1427 (3d Cir.1994) (citations omitted). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986). To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to

the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. Denied, 493 U.S. 848 (1989). In fact, the Plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted).

In this case, Plaintiff has failed to demonstrate irreparable injury because the claimed injury is speculative and/or remote, as evidenced by Ms. Adams' Declaration certifying that there are no current plans to transfer Plaintiff. See, Acierno, 40 F.3d at 655 (citation omitted)(holding that an injunction is not issued "simply to eliminate the possibility of a remote future injury..."); Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995)(to show irreparable injury, "the claimed injury cannot merely be possible, speculative or remote"). Here, Plaintiff's claim is based entirely upon Defendants' past intention to have Plaintiff transferred on January 22, 2009; however, it is clear from Ms. Adams' Declaration that a transfer is no longer in the offing. Thus, Plaintiff cannot support his claim that he will suffer irreparable injury as a result of an impending transfer to another facility. Any such injury is neither

3

immediate nor sufficiently foreseeable to warrant the issuance of a preliminary injunction.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order [Document # 45] be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. Failure to file timely objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

        S/Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        Chief U.S. Magistrate Judge

cc:     The Honorable Maurice B. Cohill
       United States District Judge